UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BYRON KEITH CHANT,

Plaintiff,

v.

CLARK COUNTY JAIL,

Defendant.

CASE NO. C12-5868 RBL-JRC

ORDER TO FILE AN AMENDED
COMPLAINT

This 42 U.S.C. §1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

Plaintiff filed four civil rights actions naming the Clark County Jail as defendant and the actions are sequentially numbered, 12-5868 to 12-5871. In this action, plaintiff challenges the actions of a nurse at the Clark County Jail, but he does not name the nurse as a defendant. Plaintiff only names the Clark County Jail as defendant.  Plaintiff states

that he has tried to "contact the jail and Melisa was the only name given to me (that is the mentioned nurse)." (ECF No. 5, page 3).

When a plaintiff does not have the name of a potential defendant, the unknown defendant may be called "John or Jane Doe." In this case, "Melisa Jane Doe" would identify the nurse for the purpose of naming her as a defendant.

Plaintiff's complaint, as written, fails to state a claim. In order to set forth a civil rights claim against a municipality under 42 U.S.C. § 1983, plaintiff must show that defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

To establish municipal liability under 42 U.S.C. § 1983, plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). A municipal entity such as a jail is not liable for a simple negligent act of an employee.  Plaintiff's complaint, as written, does not meet this standard.

Plaintiff may be able to cure the defects in his complaint by filing an amended complaint. The Court, therefore, orders plaintiff to file an amended complaint using the Court's form. Plaintiff must use this cause number and clearly state "First Amended Complaint" in the caption. The amended complaint will act as a complete substitute for the original and not as a supplement.  The amended complaint will be due on or before

November 30, 2012.  Failure to file a complaint that complies with Fed. R. Civ. P. 8(a)

and this order may result in a Report and Recommendation that this action be dismissed.

Dated this 19th day of October, 2012.

J. Richard Creatura
United States Magistrate Judge

ORDER TO FILE AN AMENDED COMPLAINT -
3