UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BYRON KEITH CHANT, | CASE NO. C12-5868 RBL-JRC |
| Plaintiff, | |
| | REPORT AND RECOMMENDATION |
| v. | |
| | NOTED FOR: |
| CLARK COUNTY JAIL, | FEBRUARY 8, 2013 |
| Defendant. | |

This 42 U.S.C. §1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.

The Court reviewed the original complaint and ordered that plaintiff file an amended complaint on or before November 30, 2012 (ECF No. 6). Plaintiff has failed to comply with the Court's order. Pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 41(b), the Court recommends that this action be dismissed with prejudice and that the dismissal count as a strike.

Plaintiff alleges that on one occasion a nurse refused to give him medication for his mental health while plaintiff was in the Clark County Jail (ECF No. 5). Plaintiff alleges that the

REPORT AND RECOMMENDATION - 1

1 nurse initially refused to provide medication because plaintiff did not have his wrist band on and

2 the Jail's policy requires that he have the wrist band on when he is receiving medication (ECF

3 No. 5, page 4). Plaintiff alleges that it took him five seconds to comply with the Jail policy by

4 putting on his wrist band. *Id.* Plaintiff alleges that even though he had complied with the Jail's

5 policy, the nurse still refused to give him mental health medications and walked away from him.

6 *Id.* Plaintiff names only the County Jail as a defendant.

7         The Court ordered plaintiff to amend the complaint and gave plaintiff guidance as to the

8 defects in his complaint (ECF No. 6). The Court informed plaintiff that he could name the nurse

9 as a Jane Doe and that in order to hold the County liable plaintiff had to plead facts showing:

10        [T]hat defendant's employees or agents acted through an official custom, pattern
          or policy that permits deliberate indifference to, or violates, plaintiff's civil rights;
11        or that the entity ratified the unlawful conduct. *See Monell v. Department of
          Social Services*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946
12        F.2d 630, 646-47 (9th Cir. 1991).
                  To establish municipal liability under 42 U.S.C. § 1983, plaintiff must
13        show (1) deprivation of a constitutional right; (2) that the municipality has a
          policy; (3) the policy amounts to deliberate indifference to plaintiff's
14        constitutional rights; and (4) the policy is the moving force behind the
          constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.
15        1992). A municipal entity such as a jail is not liable for a simple negligent act of
          an employee. Plaintiff's complaint, as written, does not meet this standard.
16
   (ECF No. 6).
17
          Plaintiff's original complaint failed to state a claim against Clark County Jail because the
18
   Jail's policy is not the moving force behind the alleged violation. Plaintiff alleges that he had
19
   complied with Jail's policy and was still denied medication. The issue appears to be whether the
20
   alleged actions by the nurse violated his rights – not the Jail.  Plaintiff has been given the
21
   opportunity to file an amended complaint and he did not comply with the Court's order to amend
22
   the complaint (ECF No. 6).
23

24

REPORT AND RECOMMENDATION - 2

1    28 U.S.C. § 1915(e)(2) states that a Court shall dismiss an action that fails to state a

2    claim. Fed. R. Civ. P. 41(b) provides for dismissal with prejudice for failure to comply with a

3    Court order. The Court recommends that this action be dismissed with prejudice for failure to

4    comply with the Court's order to file an amended complaint (ECF No. 6). The Court also

5    recommends that that the dismissal count as a strike pursuant to 28 U.S.C. 1915(e)(2)(b)(ii).

6    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

7    fourteen (14) days from service of this Report and Recommendation to file written objections.

8    *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

9    purposes of de novo review by the district judge. *See* 28 U.S.C. § 63(b)(1)(C). Accommodating

10   the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for

11   consideration on February 8, 2013, as noted in the caption.

12   Dated this 7th day of January, 2013.

13

14   J. Richard Creatura
     United States Magistrate Judge
15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 3